MENDEL OLSOFROM, PLAINTIFF-APPELLEE, v. NORTH JERSEY STREET RAILWAY COMPANY, APPELLANT.

Submitted March 23, 1911—Decided June 6, 1911.

1. A common carrier is not charged with the duty of carrying a passenger safely to his destination. Its duty is limited to the exercise of a high degree of care and prudence in that regard.
2. The reading by the court to the jury of a request to charge, without instructing the jury whether the request is charged or refused, is error.

On appeal from District Court of the city of Bayonne.

Before Justices SWAYZE, BERGEN and MINTURN.

For the appellee, *Max L. Solinsky.*

For the appellant, *William D. Edwards* and *Edwin F. Smith.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff brought this action to recover for injuries which he alleges resulted to him through the negligence of the defendant while he was a passenger on one of its trolley cars. Plaintiff had judgment in the District Court of the city of Bayonne from which defendant appeals, and rests its right to a reversal upon errors assigned to the charge of the court and a refusal to charge as requested.

The error in the charge complained of is based upon the following instruction: "The plaintiff claims that he boarded a car of the defendant, then being a common carrier of passengers, and therefore charged with the duty of carrying its passengers safely, in Jersey City, at the ferry station." The effect of this charge was an instruction that the duty of the defendant to the plaintiff was to carry him safely. In other words, that the company was an insurer of the safety of its passengers, while its legal duty is limited to exercising a high

degree of care and prudence in caring for its, passengers, therefore the rule given to the jury for its guidance was not the legal rule, and was manifestly injurious to the defendant. For this reason the judgment below must be reversed.

Another error assigned is that the trial court refused to charge a lawful request which was presented in these words: "The plaintiff must prove his case by a preponderance of evidence. If the evidence is equally balanced in the minds of the jury there can be no recovery." In response to this request the court charged: "The side which offers a preponderance of evidence is the side which ought to prevail. That does not mean necessarily (though it may be) the side that offers the greatest number of witnesses. It is the weight of testimony after you have considered its value. The defendant requests that I shall put that last statement in this form," and thereupon the court read the request as above set out, but did not instruct the jury either for or against the request. That the party holding the affirmative of the issue, in civil cases, must prove it by a preponderance of evidence is well settled, and we think that the defendant was entitled to have the jury instructed as requested. To say, as the court did, that the side having the preponderance of evidence ought to prevail was not co-extensive with the request, for it might be interpreted to mean that if the evidence on behalf of the defendant did not preponderate that side could not prevail. The preponderance must be with the affirmative of the issue, and if the evidence should leave the case in such a condition that the effect of the evidence was as strongly in favor of the defendant as it was for the plaintiff, then the defendant was entitled to a verdict, and the jury should have instructed, as requested by the defendant, that unless the preponderance of the evidence was with the plaintiff he was not entitled to recover, and not as was in effect charged that before the defendant was entitled to its verdict, the jury must find a preponderance of evidence on its side.

The judgment below is reversed, and a new trial ordered.